KITCHENS, PRESIDING JUSTICE, DISSENTING:
 

 ¶ 48. I respectfully dissent. I would find that the trial court abused its discretion by
 denying Patton's request to strike prospective jurors Wyatt and Carter for cause.
 
 [3]
 
 Patton was on trial for the brutal ax murder of his uncle, and it is manifest from the
 
 voir dire
 
 examination, in which numerous venire members expressed knowledge of the facts of the case or had some connection to persons involved, that the crime was notorious and news of it had spread throughout the county. Carter, on whom the defense exercised a peremptory strike, said that he had worked with the murder victim's son and would have to face him when he returned to work.
 
 [4]
 
 Wyatt, who was selected for the jury because the defense had exhausted its peremptory strikes, said that he previously had worked with the victim's son, and also that his brother and the son were friends. While both Carter and Wyatt said that they would have no problem serving, neither expressly said that he could be fair and impartial.
 

 ¶ 49. The defendant's right to a trial by an impartial jury is guaranteed by the Sixth Amendment to the United States Constitution and Article 3, Section 26 of the Mississippi Constitution. U.S. Const. amend. VI ; Miss. Const. Art. 3, § 26. The circuit court has considerable discretion in determining whether to strike a juror for cause.
 
 Scott v. Ball
 
 ,
 
 595 So.2d 848
 
 , 849 (Miss. 1992). Nonetheless, "[t]he circuit judge has an absolute duty ... to see that the jury selected to try any case is fair, impartial and competent."
 

 Id.
 

 at 850
 
 . To that end, the circuit judge must "scrupulously guard the impartiality of the jury and take corrective measures to insure an unbiased jury."
 

 Id.
 

 ¶ 50. We have recognized that a juror's ability to be impartial may be impaired to the extent that the juror's relationship to a party, bias against a party, occupation, past experience, or other factors would cause him to lean in favor of one party or the other.
 

 Id.
 

 When a venire person assures the court that, despite such circumstances, he or she can be fair and impartial, the court may give that assurance significant deference.
 

 Id.
 

 Nonetheless, despite a potential juror's promise under oath that he or she can be impartial, the trial court is fully vested with discretion to excuse the potential juror if the court believes he or she could not try the case impartially.
 
 Coverson v. State
 
 ,
 
 617 So.2d 642
 
 , 646 (Miss. 1993).
 

 ¶ 51. I would find that the trial court abused its discretion by failing to excuse Wyatt and Carter for cause. Both of these potential jurors communicated that they worked or had worked with the victim's son, and Wyatt also said that his brother and the son were friends. Thus, it was reasonable for the defense to challenge them for cause on the basis of their relationships with the victim's son. Because it is readily conceivable that coworkers would afford each other some degree of loyalty, a potential for bias against Patton certainly existed.
 
 [5]
 
 Regarding Wyatt, that
 potential was compounded by the fact that his brother was a friend of the victim's son. This Court has recognized that, when a reasonable challenge is made and other jurors against whom no challenge is made are available, the trial court's discretion to deny the challenge is "considerably narrowed."
 
 Scott
 
 ,
 
 595 So.2d at 850
 
 . Further, neither of the potential jurors expressly said that he could be fair and impartial; rather, each merely said that serving would not be a problem.
 
 See
 

 Billiot v. State
 
 ,
 
 454 So.2d 445
 
 , 457 (Miss. 1984) (a juror's promise to "try" to follow the court's instruction was insufficient). Because the defense's for-cause challenges were manifestly reasonable, other potential jurors against whom no challenge had been made were available, and the challenged jurors never said they could be fair and impartial, I would find that the trial court abused its discretion by denying his for-cause challenges to them. And because Wyatt served on the jury, I would reverse and remand for a new trial. The risk of this juror's being less than impartial in this particular case, either consciously or subconsciously, was obvious, and it easily could have been avoided.
 

 WALLER, C.J., AND KING, J., JOIN THIS OPINION.
 

 One cannot complain on appeal of the failure to excuse a juror for cause unless the appellant exhausted all his peremptory challenges.
 
 Billiot v. State
 
 ,
 
 454 So.2d 445
 
 , 457 (Miss. 1984). The defense did use a peremptory strike on Carter. But because the majority addresses the trial court's exercise of discretion regarding both Wyatt and Carter, I do likewise. Although the error regarding Carter is not reversible because he was excused, Wyatt served on the jury and the trial court reversibly erred by failing to strike him.
 

 As noted by the majority, the record is ambiguous on whether Carter was working with the victim's son at the time of the trial or had worked with him in the past.
 

 In
 
 Flowers v. State
 
 ,
 
 240 So.3d 1082
 
 , 1127-28,
 
 2017 WL 5076152
 
 at *31 (Miss. November 2, 2017), a majority of this Court recognized the danger of co-worker bias, finding that a venire person's working with a member of the defendant's family was a race-neutral reason for exercising a peremptory strike.